UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| *In re* § | |
| JESSICA ANN TIJERINA § | CIVIL NO. 6:22-MC-00957-ADA-DTG |
| **Petitioner** § | |

**ORDER DISMISSING CASE**

Before the Court are *pro se* Petitioner Jessica Ann Tijerina's case opening documents and "Notice of Removal." ECF Nos. 1, 4.

<u>*Case Opening Documents*</u>

Tijerina initiated this matter with eleven apparently substantively identical "Notice[s] of Fault" against eleven different people. *See* ECF No. 1 at 1–22. The notices argue that the recipients must cease and desist from alleged harassment committed against Tijerina. Although it is difficult to glean exactly what harassment is supposed to have occurred, Tijerina apparently requests that her two children remain with her and that Idaho case CV01-17-04230 and Texas case 22DFAM333192 be terminated. *See id.* at 2. The former case appears to be an Idaho divorce between Jessica Stevens (presumably Petitioner) and Roger Stevens, II; the latter case appears to be the registration of a foreign judgment by Stevens against Tijerina in Bell County, Texas.

Having reviewed the Notices of Fault *sua sponte*, the Court concludes that they do not set out a basis for federal subject matter jurisdiction. The Notices plead no violation of the Constitution or laws of the United States. *See* ECF No. 1 at 2. As for diversity jurisdiction, Tijerina's notices are sent from a Texas address, and at least one recipient has a Texas address. *See id.* at 7.

The Court therefore concludes that the parties are not completely diverse. Thus, the case opening documents do not give this Court subject matter jurisdiction.

*Notice of Removal*

Tijerina's notice of removal invokes diversity jurisdiction and seeks "removal of Jurisdiction from District Court in Guadalupe County and District Court Canyon County Idaho." ECF No. 4. Tijerina provides two case numbers: Case #CR14-23-12141 in Canyon County, Idaho, and Case #23-2591-CV-C in Guadalupe County, Texas. It appears that the former case is a criminal case of custodial interference arising from Tijerina allegedly kidnapping her two sons; the latter is an extradition proceeding brought by the State of Texas upon Tijerina's arrest in Guadalupe County. *See Tijerina v. Zwicke*, No. SA-23-CV-1432-FB, ECF No. 9 at 1 (W.D. Tex. Dec. 21, 2023).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

The Court lacks original diversity jurisdiction over the Idaho case because it is a criminal case, and diversity jurisdiction only extends to civil actions. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all *civil actions* . . . .") (emphasis added). Also, the general removal statute does not apply to criminal cases, *see* 28 U.S.C. § 1441 ("[A]ny *civil action* brought in a State court . . . may be removed . . . .") (emphasis added),[1] and the Western District of Texas embraces no part of Idaho.

The Court also lacks original diversity jurisdiction over the Texas case. "Texas is the named plaintiff in the lawsuit, and it is well-settled law that a state is not a citizen for purposes of

---

[1] While there are other removal statutes that do apply to criminal cases, Tijerina does not invoke them, and the Idaho case would not qualify under them anyways.

2

diversity jurisdiction. Where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because the state is not a citizen for purposes of diversity jurisdiction." *Texas v. Merck & Co., Inc.*, 385 F. Supp. 2d 604, 607 (W.D. Tex. 2005) (citation omitted).[2]

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because the Court lacks subject matter jurisdiction over both of Tijerina's cases—and therefore never had subject matter jurisdiction over this case—it will remand them *sua sponte* and dismiss this case.

**IT IS THEREFORE ORDERED** that the cases subject to Tijerina's Notice of Removal, ECF No. 4, are **REMANDED** *sua sponte*.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to close the case.

**IT IS FINALLY ORDERED** that due to the recent frivolous filings in this matter Tijerina is barred from filing any further documents in this case with the exception of a Notice of Appeal. Forthcoming submissions with the exception of a Notice of Appeal will be neither addressed nor acknowledged.

**SIGNED** this 30th day of January, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that Guadalupe County falls within the San Antonio Division of the Western District of Texas, not the Waco Division. Thus, even if diversity jurisdiction existed, Tijerina did not remove the Guadalupe County case to the division embracing the place where that case was pending.